NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3580-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GEORGE JENEWICZ,

 Defendant-Appellant.
_________________________________

 Submitted November 1, 2017 – Decided November 30, 2017

 Before Judges Fuentes, Manahan and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 99-01-0031.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Nancy A. Hulett,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant George Jenewicz appeals from a denial of his

petition for post-conviction relief (PCR) without an evidentiary

hearing. We affirm.

 We provide the following factual background relative to our

determination. Upon a report of citizen complaints that there was

a dead body in defendant's residence, several South River police

officers responded. Upon their arrival, three officers went to

the front door and knocked, whereupon defendant answered. One of

the officers requested entry, which defendant granted. Once inside

the residence, the officers advised defendant of the report of a

dead body and asked if they could search the residence. Defendant

gave the officers permission while simultaneously muttering, "that

fucking bitch" and urinating in his pants. The search ultimately

lead to the discovery of human remains, later identified as

defendant's girlfriend, E.G.-J., in a garbage bag in the basement.

 Defendant was arrested and provided with his Miranda1 rights.

He gave a sworn statement to the police admitting that he shot

E.G.-J. and then dismembered her body. Defendant's version of

events included that he and the victim had a "volatile"

relationship, including assaults committed by E.G.-J. upon him.

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-3580-15T1
 A forensic investigation confirmed defendant's account of

E.G.-J.'s death and dismemberment, including the location in a

park where the victim's severed arms were located.

 At trial, defendant testified alleging self-defense. Other

defense witnesses, including defendant's mother, testified

relative to the argumentative and threatening character of E.G.-

J. A defense toxicology expert testified that E.G.-J., at the

time of the incident, was substantially intoxicated and while in

that condition, would become a "risk taker" whose lack of judgment

could lead to violence.

 In 2008, defendant was tried before a jury and convicted of

capital murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree

possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a);

and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b).

After merging the murder conviction with the weapons possession,

the trial judge sentenced defendant to a term of life imprisonment

with a thirty-year period of parole ineligibility, and a

consecutive term of five years with two-and-a half years of parole

ineligibility for the hindering apprehension conviction.

 On direct appeal, we affirmed the conviction and sentence in

an unpublished opinion, State v. Jenewicz, Docket No. A-0013-02

(App. Div. Aug. 8, 2006). The Supreme Court granted defendant's

petition for certification, State v. Jenewicz, 189 N.J. 103 (2006),

 3 A-3580-15T1
and thereafter reversed the murder conviction and remanded the

matter for a new trial. State v. Jenewicz, 193 N.J. 440 (2008).

The conviction for hindering apprehension was not disturbed.

 Over the course of seven days in September 2008, defendant

was retried before a jury on the murder charge and the possession

of a weapon for unlawful purpose. Defendant was found guilty on

both charges. The trial judge sentenced defendant to life

imprisonment with a thirty-year period of parole ineligibility to

run consecutively to the sentence previously imposed on count

three, and awarded defendant 1597 days of jail time credit pursuant

to Rule 3:21-8. Count two was merged with count one. Appropriate

fines and fees were imposed.

 Defendant filed a notice of appeal in June 2009. In an

unpublished opinion, State v. Jenewicz, Docket No. A-5031-08 (App.

Div. Oct. 16, 2013), the judgment of conviction was upheld. The

Supreme Court subsequently denied certification. State v.

Jenewicz, 217 N.J. 304 (2014).

 On May 1, 2014, through counsel, defendant filed a petition

for PCR, which was later supplemented by a pro se brief. Following

argument, the PCR judge issued a decision on October 8, 2015,

 4 A-3580-15T1
denying the petition without an evidentiary hearing.2 This appeal

followed.

 Defendant raises the following points on appeal:

 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST[-]CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION AT THE TRIAL LEVEL.

 A. THE PREVAILING LEGAL PRINCIPLES
 REGARDING CLAIMS OF INEFFECTIVE
 ASSISTANCE OF COUNSEL, EVIDENTIARY
 HEARINGS AND PETITIONS FOR POST [-]
 CONVICTION RELIEF.

 B. THE DEFENDANT DID NOT RECEIVE
 ADEQUATE LEGAL REPRESENTATION FROM
 TRIAL COUNSEL AS A RESULT OF
 COUNSEL'S FAILURE TO UTILIZE
 READILY AVAILABLE EXPERT
 PSYCHIATRIC TESTIMONY WHICH HAD
 BEEN UTILIZED DURING THE FIRST
 TRIAL.

 C. THE DEFENDANT DID NOT RECEIVE
 ADEQUATE LEGAL REPRESENTATION FROM
 TRIAL COUNSEL AS A RESULT OF
 COUNSEL'S FAILURE TO MAKE A MOTION
 TO SUPPRESS BASED UPON THE
 DEFENDANT'S INABILITY TO PROVIDE A
 VALID KNOWING AND VOLUNTARY CONSENT
 TO POLICE TO ENTER HIS RESIDENCE.

2
 Prior to this petition, defendant's brief notes he filed a
petition for PCR in Nov 2013, which resulted in an order that
denied his petition without prejudice. Thereafter, petition for
certification was denied by the Supreme Court. Defendant then
refiled his petition on May 1, 2014.

 5 A-3580-15T1
 POINT II

 THE TRIAL COURT ERRED IN REJECTING THE
 DEFENDANT'S PETITION FOR POST[-]CONVICTION
 RELIEF, IN PART, ON PROCEDURAL GROUNDS
 PURSUANT TO RULE 3:22-5.

 We have closely examined the record in the light of the

contentions posed in this appeal. Our examination included the

considerable amount of evidence, unrelated to the grounds upon

which the PCR petition was based, that supported defendant's

conviction. Upon conclusion of that examination, we affirm

substantially for the reasons set forth by Judge Barry A. Weisberg

in his thorough oral decision. We add only the following.

 The test for ineffective assistance of counsel was formulated

in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984), and adopted by our Supreme Court in State v.

Fritz, 105 N.J. 42 (1987). To establish a deprivation of the

Sixth Amendment right to the effective assistance of counsel, a

defendant must satisfy the following two-pronged Strickland/Fritz

test: (1) that counsel's performance was deficient and he or she

made errors that were so serious that counsel was not functioning

effectively as guaranteed by the Sixth Amendment to the United

States Constitution; and (2) that there exists a "reasonable

probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." Strickland,

 6 A-3580-15T1
supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

A defendant must overcome a strong presumption that counsel

rendered reasonable professional assistance. State v. Parker, 212

N.J. 269, 279 (2012). If a defendant establishes one prong of

this test, but not the other, the petition for PCR must fail. Id.

at 280. Thus, both prongs of the Strickland/Fritz test must be

satisfied before post-conviction relief may be granted.

Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed.

2d at 693.

 When petitioning for PCR, the defendant must establish by a

preponderance of the credible evidence that he or she is entitled

to the requested relief. State v. Preciose, 129 N.J. 451, 459

(1992). To sustain that burden, the defendant must allege and

articulate specific facts, which "provide the court with an

adequate basis on which to rest its decision." State v. Mitchell,

126 N.J. 565, 579 (1992).

 We apply the Strickland standard and review the

reasonableness of counsel's assistance with "a heavy measure of

deference to counsel's judgments." State v. Martini, 160 N.J.

248, 266 (1999) (quoting Strickland, supra, 466 U.S. at 691, 104

S. Ct. at 2066, 80 L. Ed. 2d at 695). Judge Weisberg applied this

standard and concluded that the defendant's arguments did not

support a finding of ineffective assistance of counsel.

 7 A-3580-15T1
 On appeal, defendant argues that the PCR judge erred by

failing to find his trial counsel was ineffective for not utilizing

readily available expert psychiatric testimony and to file a motion

to suppress based upon defendant's inability to provide knowing

and voluntary consent to police to enter his residence. We are

unpersuaded by these arguments.

 At the conclusion of the hearing, Judge Weisberg first

addressed the procedural infirmity of the PCR. The judge held

that the arguments relating to the search of his residence were

raised on direct appeal when defendant argued that the bag

containing E.G.-J.'s remains should not have been opened. The

judge further held that since this court considered the legality

of the search on the merits, defendant was barred from re-

litigating the issue on collateral review. R. 3:22-5. From our

review of the record, we agree that the legality of the search of

the garbage bag was litigated on direct appeal. Although the

basis for the argument was not lack of consent, the issue of the

search's validity was clearly determined.

 Regarding counsel's alleged ineffectiveness due to not

challenging the consent to search based upon defendant's alleged

intoxicated condition, the PCR judge noted that the trial judge

listened to the tape of defendant's statement and found him to be

cogent and responsive. As such, Judge Weisberg held that

 8 A-3580-15T1
defendant's intoxication argument relative to his knowing consent

would have been unsuccessful. We agree.

 Notwithstanding the determination that the argument was

procedurally barred, the judge rejected on its merits that the

lack of challenge to defendant's consent affected the outcome of

the search's legality. The judge cited two exceptions to the

search warrant requirement, the emergency aid doctrine and

community caretaking, that would have satisfied the warrantless

search.

 Even were we to conclude that not raising the issue of

defendant's consent constituted "ineffective assistance," we agree

with Judge Weisberg that the validity of the search could be

premised on the emergency aid doctrine first enunciated in State

v. Frankel, 179 N.J. 586, cert. denied, 543 U.S. 876, 125 S. Ct.

108, 160 L. Ed. 2d 128 (2004) and later modified in State v.

Edmonds, 211 N.J. 117 (2012).3 That doctrine requires only that

the police possess an objectively reasonable basis to believe that

"there is danger and need for prompt action." Id. at 599 (citation

3
 In Edmonds, the Frankel test was modified to remove as a factor
the police officer's subjective motivation predicated upon the
United States Supreme Court decisions in Michigan v. Fisher, 558
U.S. 45, 130 S. Ct. 546, 175 L. Ed. 2d 410 (2009), and Brigham
City v. Stuart, 547 U.S. 398, 126 S. Ct. 1943, 164 L. Ed. 2d 650
(2006).

 9 A-3580-15T1
omitted).4 Here, the report by citizens of a dead body in

defendant's residence (reasonable belief of a need to protect or

preserve life) and finding the remains in the basement (reasonable

nexus between the emergency and the area searched) clearly

satisfied the test enunciated in Frankel and in Edmonds to
 5
establish the doctrine.

 The judge also found no merit to defendant's claim of

ineffective assistance of appellate counsel for failure to raise

arguments on direct appeal since defendant himself raised those

arguments in his pro se brief. R. 3:22-5.6

 Concerning counsel's decision to not call as a defense witness

the expert psychiatrist who testified at the first trial, we note

that the first trial resulted in a conviction even though later

reversed on grounds unrelated to the testimony. We also note that

the issue of E.G.-J.'s mental status and her level of intoxication

were presented to the jury at the second trial. As such, we are

4
 Given this determination, we do not need to address the
applicability of community caretaking.
5
 The Court in Frankel noted the "oft-quoted words of Chief Justice
(then Judge) Burger in Wayne v. United States, 318 F.2d 205, 212
(D.C. Cir.) cert. denied, 375 U.S. 860, 84 S. Ct. 125, 11 L. Ed.
2d 86 (1963), "[e]ven the apparently dead often are saved by swift
police response."
6
 Defendant does not challenge this determination on appeal.
Arguments not raised or briefed on appeal are deemed abandoned.
Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

 10 A-3580-15T1
satisfied that even had the psychiatric expert testified, there

was not a probability that the outcome of the trial would have

been different. Strickland, supra, 466 U.S. at 694, 104 S. Ct.

at 2068, 80 L. Ed. 2d at 698.

 Finally, we agree with the judge's decision to deny

defendant's petition without an evidentiary hearing. An

evidentiary hearing is required where the defendant has shown a

prima facie case and the facts on which he relies are not already

of record. Preciose, supra, 129 N.J. at 462-63; see also Pressler

& Verniero, Current N.J. Court Rules, comment 2 on R. 3:22-10

(2016). The mere raising of a claim for PCR does not entitle

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

As defendant failed to establish a prima facie case of ineffective

assistance of counsel, no evidentiary hearing was required.

 We conclude our analysis by repeating those precepts that guide

reviewing courts in determining "ineffective assistance of counsel"

claims. Effective representation is not synonymous with errorless

representation. An attorney may give advice that in the lens of

hindsight was debatable or even erroneous. For any error by counsel

to be constitutionally significant, it must undermine the

fundamental fairness of the proceeding. Strickland, supra, 466

U.S. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 697. The

 11 A-3580-15T1
competency standard enunciated by Strickland is both broad and

flexible. Ibid. It is intended to encompass varied factual

scenarios and circumstances. The proper test is whether counsel's

advice was within the range of competence required of attorneys

in criminal cases. While attorneys are expected to fulfill their

duty of competent representation, a conviction should not be

overturned unless there was a breach of that duty that mattered.

To the extent, if any, trial counsel's performance was deficient,

we hold that it did not result in prejudice to the defense since

there is not a reasonable probability of a different result

sufficient to undermine our confidence in the outcome. See State

v. Arthur, 184 N.J. 307, 319 (2005) (quoting Strickland, supra,

466 U.S. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 697).

 Affirmed.

 12 A-3580-15T1